UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>4.3 ACRES OF LAND, MORE OR LESS, )<br>SITUATED IN AROOSTOOK COUNTY, )<br>STATE OF MAINE AND EVA M. PREST, )<br>AMANDA DOW – TAX COLLECTOR, )<br>TOWN OF BRIDGEWATER, et al., )<br>)<br>Defendants. ) | 1:11-cv-00177-JAW |

**ORDER ON THE GOVERNMENT'S SECOND MOTION TO LIFT STAY**

In this condemnation proceeding, the Court declines to lift a stay imposed under the Servicemembers Civil Relief Act of 2003 on proceedings against Joan Robinson, one of the Defendants, because Ms. Robinson's waiver of her rights under SCRA incorrectly states that her rights will be unaffected by her waiver. At the United States' alternative request, the Court has continued the scheduled title hearing.

**I.   BACKGROUND**

On January 22, 2013, the Court issued an Order denying the Government's motion to lift the stay in this case with respect to Joan Robinson, a Defendant likely to have been in active military service outside the United States and protected by the provisions of the Servicemembers Civil Relief Act of 2003. *Order on Mot. to Lift Stay* (ECF No. 44). On January 29, 2013, in anticipation of a hearing currently scheduled for February 6, 2013, the Government moved a second time to lift the

stay, attaching a waiver signed by Ms. Robinson. *Mot. to Lift Stay* (ECF No. 45) (*Gov't's Mot.*). The waiver is entitled Waiver of Right to Delay or Overturn Court Action Under the Service Members Civil Relief Act. *Id.* Attach. 1, *Waiver of Right to Delay or Overturn Court Action Under the Service Members Civil Relief Act* (*Waiver*). The Government says that "[a]s Ms. Robinson has now consented to the instant case proceeding in her absence, the United States believes the stay may be lifted and all claimants interests be determined at the title hearing currently scheduled for February 6, 2013." *Gov't's Mot.* at 1.

## II.   DISCUSSION

The Servicemembers Civil Relief Act (SCRA) expressly allows a servicemember to waive "any of the rights and protections provided by this Act." 50 U.S.C. app. § 517(a). By its terms, the Waiver does just that. After acknowledging her rights under the SCRA, Ms. Robinson states:

> I waive any and all rights I may have under SCRA to delay or overturn this proceeding.

*Waiver* ¶ 3. She goes on to say:

> I desire that the case be allowed to proceed while I am stationed overseas, deployed or otherwise unavailable to participate in the proceeding due to my military service.

*Id.* ¶ 4. If the Waiver ended there, the Court would have no difficulty concluding it was effective and should be enforced. However, paragraph five of the Waiver goes on to say:

> I understand that the waiver of my right to delay or overturn this proceeding does not prejudice any claim or right to just compensation due to me by the United States as a result of the condemnation action.

2

*Id.* ¶ 5.

The Court cannot reconcile paragraph five with what the Government plans to do in this case. This case is a condemnation action in which the Government seeks a judicial determination as to who—among a series of named potential claimants—has title to a parcel of land, asks that the land be condemned, and requests that just compensation be ascertained and awarded to the rightful owners. *Compl. Condemnation* (ECF No. 1). The Government has asked the Court to schedule a so-called title hearing and the Court has set the hearing for February 6, 2013 at 3:00 p.m. in Bangor, Maine. *Notice of Title Hr'g* (ECF No. 42).

In the Government's motion for hearing, it attached a title opinion by Attorney David Fletcher. *Mot. for Hr'g for Determination of Title* (ECF No. 39) Attach. 2, *Title Opinion - of David J. Fletcher* (*Fletcher Opinion*). In the title opinion, Attorney Fletcher divides the subject parcel into different tracts and expresses the expert view that ownership of parcel three is likely vested in the heirs of Guy and Hazel Prest. *Id.* at 1-2. The Government states in its Status Report dated January 16, 2013 that Joan Robinson "may hold a partial ownership interest in Tract 100-2(3) based upon a deed held by her grandparents, Guy and Hazel Prest." *Status Report* at 1 (ECF No. 43). If Tract 100-2(3) were the only tract at issue, Ms. Robinson would not be prejudiced by her absence from the title hearing because the Government's expert will presumably opine that she has a legal interest as a Prest heir in that tract. In fact, the Government seems to have

3

concluded that Ms. Robinson's potential interest in these tracts relates only to Tract 100-2(3). *See Gov't's Mot.* at 1.

However, in his opinion, Attorney Fletcher also discussed Tract 100-2(1). Attorney Fletcher concluded that "ownership of the parcel is in the heirs of George Collins." *Fletcher Opinion* at 3. His expert report also states:

> Off record evidence indicates that this land was at one time occupied by the Prest family, and that they built a barn on the property. If the barn existed for more than twenty years it is probable that, regardless of record title, the Prest[]s would have acquired title by adverse possession and could bring an action claiming ownership which would be successful in the Courts. For that reason, any action to condemn the property should be brought both against the Collins heirs and Prest.

*Id.* Despite the potential of an adverse possession claim by the Prest Family, including Ms. Robinson, the Government has taken the position that title to Tract 100-2(1) rests with the heirs of George Collins. *Mot. for Hr'g for Determination of Title* at 4. Also, in its motion to lift stay, the Government acknowledges that "Ms. Robinson's mother, Eva Prest, has made a claim to the entire parcel taken based on a deed from 2003" even though Attorney Fletcher has concluded that "this deed [is] wild and invalid." *Gov't's Mot.* at 1; *Fletcher Opinion* at 4-5.

Ms. Robinson's Waiver reveals that she is currently stationed at the Aviano Air Base in Italy. *Waiver* at 3. By waiving her right to be present at the title hearing, Ms. Robinson is effectively relinquishing the right to contest Attorney Fletcher's opinion that title to Tract 100-2(1) rests exclusively in the heirs of George Collins and in particular is relinquishing the right to present evidence to support the adverse possession claim that Attorney Fletcher referred to in his title report. A

4

less compelling question is whether her mother, Eva Prest's claim through the arguably "wild and invalid" deed would suffer in Ms. Robinson's absence. Nevertheless, in these circumstances, it seems apparent that by waiving her right to delay or overturn this proceeding, Ms. Robinson may be prejudicing a "claim or right to just compensation due to [her] by the United States as a result of the condemnation action." *Waiver* ¶ 5.

As the United States Supreme Court stated in *Boone v. Lightner*, 319 U.S. 561 (1943), "[a]bsence when one's rights or liabilities are being adjudged is usually *prima facie* prejudicial." *Id.* at 575. This Court cannot know on this record whether Ms. Robinson is aware of the potential for an adverse possession claim on Tract 100-2(1) and whether, if she is aware, she is interested in pursuing it. However the Court cannot accept a waiver with such an obvious inconsistency given its obligation to construe SCRA "to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Id.*

In light of this conclusion, the Court agrees with the Government's alternative request that the title hearing currently scheduled for February 6, 2013 be continued.

## III.   CONCLUSION

The Court DENIES in part and GRANTS in part the Government's Motion to Lift Stay (ECF No. 45). The Court DENIES the Government's request to lift the stay as to Joan Robinson and GRANTS its request to continue the title hearing currently scheduled for February 6, 2013.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 31st day of January, 2013